# United States District Court
### for the
### Western District of New York

United States of America

v.

<u>DAYZON MCCARTHY</u>

*Defendant*

Case No. 24-mj-5148

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

### COUNT 1
### (Trafficking in Firearms)

Beginning in or about June 2024, the exact date being unknown, and continuing until in or about July 2024, in the Western District of New York, the defendant, DAYZON MCCARTHY, did ship, transport, transfer, cause to be transported, or otherwise dispose of firearms, to wit: a Glock Inc. Model 44 .22 Caliber Pistol bearing Serial Number: AEDV964; a Beretta Corp. Model 21A Lady Beretta bearing Serial Number: DAA057413; and a Davis Industries Model P380 .380 Caliber Pistol bearing Serial Number: ap488592 to an individual known to the U.S. Attorney, in or otherwise affecting interstate commerce, knowing or having reasonable cause to believe that the use, carrying, or possession of the firearms by the individual would constitute a felony.

**All in violation of Title 18, United States Code, Section 933(a)(1).**

### COUNT 2
### (Illegal Transfer of a Machine Gun)

On or about August 12, 2024, in the Western District of New York, the defendant, DAYZON MCCARTHY, did knowingly possess and transfer a machine gun, as defined in Title 26, United States Code, Section 5845(b), that is: one (1) Polymer "Ghost Gun" .9mm with a machine gun conversion device installed, knowing and being aware of the essential characteristics of the firearm which made it a machine gun.

**All in violation of Title 18, United States Code, Sections 922(o)(1) and 924(a)(2).**

This Criminal Complaint is based on these facts: X Continued on the attached sheet.

JONATHAN ANDRES (Affiliate)
Digitally signed by JONATHAN ANDRES (Affiliate)
Date: 2024.08.13 14:46:59 -04'00'

JONATHAN ANDRES
TASK FORCE OFFICER
Bureau of Alcohol, Tobacco, Firearms, Explosives

Sworn to before me and signed telephonically.

Date: August 14, 2024

City and State: <u>Buffalo, New York</u>

*Judge's signature*

HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT

STATE OF NEW YORK  )
COUNTY OF ERIE       )  SS:
CITY OF BUFFALO      )

I, **JONATHAN ANDRES**, being duly sworn, deposes and states:

1.I am a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter referred to as "ATF"), and as such I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516(1), *et seq.* and Title 21, United States Code, Section 801. I further state that I am the kind of Special Agent as delineated in Title 18, United States Code, Section 3051.

2.I have been an ATF Task Force Officer since 2022. I am assigned to the Buffalo Field Office, New York Field Division. I am a Niagara County Sheriff's Office Investigator (17 years), assigned to the Drug Task Force for 11 years. My primary duties as an ATF Task Force Officer include investigating violations of federal firearms laws including illegal firearms trafficking, unlawful possession of firearms, and the possession of firearms during the commission of drug trafficking crimes and crimes of violence.

3.During my time as an ATF TFO and my time as an Investigator with the Niagara County Drug Task Force, I have participated in investigations and the execution of search warrants and arrest warrants where illegally purchased/trafficked firearms, narcotics,

electronic scales, packaging materials, cutting agents, books/ledgers indicating sales, receipts, computers, cellular telephones, and other items used to facilitate firearms and narcotics trafficking were seized. I have personally conducted and/or assisted in investigations of criminal acts involving violations relating to armed individuals that were involved in the distribution of controlled substances, including heroin, cocaine, cocaine base and other substances, in violation of federal drug laws, including Title 21, United States Code, Sections 841 and 846, and Title 18, United States Code, Sections 922, 924, and 933. Additionally, I have also participated in interviews and debriefings of individuals involved in firearms and narcotics trafficking. I am familiar with the habits, methods, routines, practices and procedures commonly employed by persons engaged in the illegal trafficking of firearms and illegal drugs.

4.  This affidavit is being submitted for a limited purpose, that is, a probable cause determination, therefore I have not presented all of the facts of this investigation to date. I have set forth only the information I believe to be necessary to establish probable cause. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from law enforcement officers and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5.  This affidavit is made in support of a criminal complaint charging **DAYZON MCCARTHY** with violations of Title 18, United States Code, Sections 933(a)(1) (firearms trafficking) and 922(o) (illegal transfer of a machinegun).

## PROBABLE CAUSE

6.  **Controlled Purchase 1**: On June 20, 2024, members of the ATF Buffalo Field

4

Office and Niagara County Sheriff's Office completed a controlled purchase of a firearm from DAYZON MCCARTHY at the location of 1802 Linwood Avenue, Niagara Falls, NY.

7. On June 20, 2024 an ATF Confidential Informant ("CI#1")[1] met with ATF TFO Jonathan Andres as well as Investigator Kevin Morse of the Niagara County Drug Task Force in regards to purchasing a firearm from DAYZON MCCARTHY. Upon the meet, CI#1 and their vehicle were searched with no money or contraband having been located. CI#1 was then directed to call DAYZON MCCARTHY in order to arrange the purchase. MCCARTHY then stated that he did in fact have the firearm for purchase, that it was a Glock "with a switch," and that he would meet CI#1 at 1802 Linwood Avenue in the City of Niagara Falls.

8. At this point CI#1 was issued ATF Funds and a recording device and did drive to 1802 Linwood Avenue in the City of Niagara Falls where law enforcement observed them parked outside of the fenced area. After a short period of time, DAYZON MCCARTHY was observed arriving on location, jumping over the fence of the address, entering a camper on site, exiting, jumping back over the fence, and entering the CI#1's vehicle. Law enforcement then observed DAYZON MCCARTHY handing over the firearm to CI#1 in exchange for the ATF Funds and exiting CI#1's vehicle.

9. Once the transaction was complete, law enforcement followed CI#1 to the meet location and did hand over the purchased firearm to law enforcement. CI#1 and their vehicle were once again searched with no money or contraband having been located. The

---

[1] CI#1 is proactively cooperating in hopes of receiving prosecutorial discretion. CI#1 has proven to be credible and reliable and information provided by CI#1 has been corroborated, to the extent possible, through independent investigation, information received independently, and information received separately from other law enforcement agencies. None of the information provided to law enforcement by CI#1 has proven to be either false or misleading.

firearm was then visually inspected and appeared to be a Glock Inc. Model 44, .22 Caliber Pistol bearing serial number AEDV964 with what appeared to be a 3D printed back plate auto sear, also known as a Glock Switch or machinegun conversion device, attached to the firearm. The firearm was then transported to the ATF Buffalo Office for processing.

10. **Controlled Purchase 2**: On June 28, 2024, members of the ATF Buffalo Field Office and Niagara County Sheriff's Office completed a controlled purchase of a firearm from one DAYZON MCCARTHY at the location of 1802 Linwood Avenue, Niagara Falls, NY.

11. On June 28, 2024 CI#1 did meet with ATF TFO Jonathan Andres as well as Investigator Kevin Morse of the Niagara County Drug Task Force in regards to purchasing a firearm from DAYZON MCCARTHY. Upon the meet, CI#1 and their vehicle were searched with no money or contraband having been located. CI#1 was then directed to call DAYZON MCCARTHY in order to arrange the purchase. MCCARTHY then stated to CI#1 that he did in fact have the firearm for purchase, that it was a Beretta .22 pistol and that he would be meeting CI#1 at 1802 Linwood Avenue in the City of Niagara Falls.

12. At this point CI#1 was issued ATF Funds and a recording device and did drive to 1802 Linwood Avenue in the City of Niagara Falls where law enforcement observed them parked outside of the fenced area. Law enforcement then observed DAYZON MCCARTHY walking from the building at 1802 Linwood Avenue and walking directly to the CI vehicle and entering. DAYZON MCCARTHY was then viewed handing over the firearm to the CI in exchange for the ATF Funds and exiting the vehicle. DAYZON then walked back to 1802 Linwood Avenue as the CI drove away from the area.

13. Once the transaction was complete, law enforcement followed the CI to the meet location and did hand over the purchased firearm. The CI and their vehicle were once again searched with no money or contraband having been located. The firearm was then visually inspected and appeared to be a Beretta Corp. Model 21A Lady Beretta bearing Serial Number: DAA057413. The firearm was then transported to the ATF Buffalo Office for processing.

14. **Controlled Purchase 3**: On July 3, 2024, members of the ATF Buffalo Field Office and Niagara County Sheriff's Office completed a controlled purchase of a firearm from one DAYZON MCCARTHY at the location of 1311 Willow Avenue, Niagara Falls, NY.

15. On July 3, 2024 CI#1 did meet with ATF TFO Jonathan Andres as well as Investigator Kevin Morse of the Niagara County Drug Task Force in regards to purchasing a firearm from DAYZON MCCARTHY. Upon the meet, CI#1 and their vehicle were searched with no money or contraband having been located. CI#1 was then directed to call DAYZON MCCARTHY in order to arrange the purchase. DAYZON then stated to CI#1 that he did in fact have the firearm for purchase, that it was a .380 pistol, and that he would be meeting CI#1 at 1311 Willow Avenue in the City of Niagara Falls.

16. At this point CI#1 was issued ATF Funds and a recording device and did drive to 1311 Willow Avenue in the City of Niagara Falls where they were observed parked behind the residence in the ally. After a short period of time, law enforcement observed DAYZON MCCARTHY arriving on location, entering the address, exiting the home and walking up to CI#1's vehicle. DAYZON then entered CI#1's vehicle in order to complete the transaction.

Law enforcement then observed DAYZON MCCARTHY handing over the firearm to CI#1 in exchange for the ATF Funds, and exiting the vehicle.

17.   Once the transaction was complete, the CI was followed to the meet location and did hand over the purchased firearm. The CI and their vehicle were once again searched with no money or contraband having been located. The firearm was then visually inspected and appeared to be a Davis Industries Model P380 .380 Caliber Pistol bearing Serial Number: ap488592. The firearm was then transported to the ATF Buffalo Office for processing.

18.   **Controlled Purchase 4**: On August 12, 2024, members of the ATF Buffalo Field Office and Niagara County Sheriff's Office completed a controlled purchase of a firearm from one DAYZON MCCARTHY at the location of 1311 Willow Avenue, Niagara Falls, NY.

19.   On August 12, 2024 CI#1 did meet with ATF TFO Jonathan Andres as well as Investigator Kevin Morse of the Niagara County Drug Task Force in regards to purchasing a firearm from DAYZON MCCARTHY. Upon the meet, CI#1 and their vehicle were searched with no money or contraband having been located. CI#1 was then directed to call DAYZON MCCARTHY in order to arrange the purchase. DAYZON then stated to CI#1 that he did in fact have the firearm for purchase, that it was a Ghost Gun with a "switch," and that he would be meeting CI#1 at 1311 Willow Avenue in the City of Niagara Falls.

20.   At this point CI#1 was issued ATF Funds and a recording device and did drive to 1311 Willow Avenue in the City of Niagara Falls where law enforcement observed them parked behind the home in the alleyway. After a short period of time, law enforcement observed DAYZON MCCARTHY walking from the area of the residence and entering

CI#1's vehicle. Law enforcement then observed DAYZON MCCARTHY handing over the firearm to CI#1. According to CI#1 DAYZON MCCARTHY told CI#1 that he had "just put that switch in and it's glued, so be careful". DAYZON MCCARTHY then collected the ATF Funds from CI#1, completed the transaction, and exited the vehicle.

21. Once the transaction was complete, CI#1 was followed by law enforcement to the meet location and did hand over the purchased firearm. CI#1 and their vehicle were once again searched with no money or contraband having been located. The firearm was then visually inspected by law enforcement and did in fact have what appeared to be a 3D printed back plate auto sear, also known as a Glock Switch or machinegun conversion device, attached to the firearm. The firearm was then transported to the ATF Buffalo Office for processing.

22. I have reviewed the firearm, as well as the auto sear, and in my training and experience believe the auto sear to be operable. In other words, I believe the auto sear has converted the firearm into a "machinegun" as defined in 18 U.S.C. § 921(a)(24) because it enables the firearm to shoot automatically more than one shot, without manual reloading, by a single function of the trigger; the firearm is therefore it is a "machinegun," as defined in 26 U.S.C. § 5845(b).

23. A review of **DAYZON MCCARHY's** criminal history reveals that he has a prior felony conviction that is punishable by a term of imprisonment of more than one year. On or about September 10, 2021, DAYZON MCCARTHY pled guilty in Niagara County Court, to violating NYS Penal Law 265.03 Criminal Possession of a Weapon 2: Loaded Firearm- Other than Person's Home/ Business, a Class C Felony. This conviction resulted

in 2 years' incarceration in a New York State Correctional Facility, however due to MCCARTHY's age at the time of the crime, he was given Youthful Offender Status.

24. Based on my training, education, and experience, the previously detailed items seized are indicative of involvement in the trafficking of firearms. Further, based on training and experience, your affiant is aware that traffickers of firearms commonly possess firearms to protect themselves, their products, and the proceeds from their gun sales.

25. Based on your affiant's training and experience, information learned during this investigation, and information received from other law enforcement members, DAYZON MCCARTHY'S firearms trafficking and related activities have impacted interstate commerce. Specifically, in my training and experience, I know that Glock, Inc., Beretta Corp., and Davis Industries do not have firearms manufacturing facilities in New York State, and thus the firearms sold by MCCARTHY have traveled in interstate commerce.

26. Based on the above information, your affiant submits that probable cause exists to believe that **DAYZON MCCARTHY** violated Title 18, United States Code, Sections 933(a)(1) (firearms trafficking) and 922(o) (illegal transfer of a machinegun), requests that a Criminal Complaint and Arrest Warrant be issued, and that this Complaint and Affidavit be sealed based on a continuing investigation until further Order of this Court.

JONATHAN ANDRES (Affiliate)
Digitally signed by JONATHAN ANDRES (Affiliate)
Date: 2024.08.13 14:47:37 -04'00'

JONATHAN ANDRES
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms, Explosives

Subscribed and sworn to me telephonically on this 14th day of August, 2024

HONORABLE MICHAEL J. ROEMER
United States Magistrate Judge

10