IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                          25-CR-71

DAYZON MCCARTHY,

                    Defendant.

---

## PLEA AGREEMENT

The defendant, DAYZON MCCARTHY, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.     THE PLEA AND POSSIBLE SENTENCE

1.     The defendant agrees to waive indictment and to plead guilty to a one-count Information which charges a violation of Title 18, United States Code, Section 933(a)(1) (trafficking in firearms), for which the maximum

2.     ~~Minimum~~ possible sentence is a term of imprisonment of 15 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of up to 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

3.     The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, a prison term imposed for a violation of supervised release may result in the defendant serving a sentencing of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.    ELEMENTS OF THE CRIME AND FACTUAL BASIS

4.     The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

### Count 1: Trafficking in Firearms

a.  That the defendant knowingly shipped, transported, transferred, caused to be transported or disposed of a firearm to another person;

b.  That the shipping, transporting, transferring, causing to be transported or disposition of the firearm was in or otherwise affecting interstate commerce; and

c.  That the defendant knew or had reasonable cause to believe that the use, carrying or possession of the firearm by the other person/recipient would constitute a felony.

### FACTUAL BASIS

5.     The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.  Beginning on or about June 20, 2024, and continuing until on or about July 3, 2024, in the Western District of New York, the defendant, DAYZON MCCARTHY, did ship, transport, transfer,

cause to be transported, or otherwise dispose of firearms to an individual known to the U.S. Attorney, in or otherwise affecting interstate commerce, knowing or having reasonable cause to believe that the use, carrying, or possession of the firearms by the individual would constitute a felony, all in violation of Title 18, United States Code, Section 933(a)(1).

b. Specifically, between June 20, 2024 and July 3, 2024, law enforcement, utilizing a confidential informant (the "CI"), completed controlled purchases of firearms from DAYZON MCCARTHY. During these incidents, law enforcement observed DAYZON MCCARTHY handing each of the firearms to the CI in exchange for the ATF funds.

c. The defendant sold the following firearms to the CI:

   1. June 20, 2024: a Glock Inc. Model 44, .22 Caliber Pistol bearing serial number AEDV964 equipped with a 3D printed back plate auto sear, also known as a "Glock Switch" or machinegun conversion device. Defendant admits he knew this firearm was equipped with a machinegun conversion device.

   2. June 28, 2024: a Beretta USA Corp. Model 21A Lady Beretta bearing Serial Number: DAA057413.

   3. July 3, 2024: a Davis Industries Model P380 .380 Caliber Pistol bearing Serial Number: ap488592.

d. Special Agent William Farnham of the ATF has reviewed the above-referenced firearms and has confirmed that they were not manufactured in New York state. Accordingly, their presence in the Western District of New York during the above-referenced sales demonstrates that the firearms have crossed state lines and therefore affected interstate commerce.

e. Additionally, on August 12, 2024, law enforcement, utilizing the CI, completed a controlled purchase of a "Ghost Gun" from DAYZON MCCARTHY. During this incident, law enforcement observed DAYZON MCCARTHY sell a "Ghost Gun" equipped with a 3D printed back plate auto sear, also known as a "Glock Switch" or machinegun conversion device, to the CI in exchange for ATF funds. Defendant admits he knew this firearm was equipped with a machinegun conversion device. The firearm sold on August 12, 2024 is of undermined origin. As set forth below, because this firearm was equipped with a machinegun conversion device, it constitutes a "machine gun" under federal law.

f.  Machinegun conversion devices are parts that, when properly inserted into or added to a firearm, convert the firearm to fully automatic. They are parts designed and intended exclusively for use in converting a weapon to shoot automatically more than one shot, without manual reloading, by a single function of the trigger. As such, these devices on their own, and those that are equipped with them, qualify as machine guns under 18 U.S.C. § 921(a)(24) and 26 U.S.C. § 5845(b). Defendant knew, or was aware, that when machinegun conversion devices are affixed to a semiautomatic pistol, they convert the weapon into a fully automatic firearm, that is, a "machine gun," as that term is defined in 18 U.S.C. § 921(a)(24) and 26 U.S.C. § 5845(b).

g.  On August 14, 2024, law enforcement also executed a search warrant on three residences and properties associated with the defendant and his father. Upon executing the search warrant at one of the residences, 1311 Willow Avenue, law enforcement recovered eight firearms, seven machinegun conversion devices, and several ammunition magazines, as well as narcotics.

h.  Defendant admits that the firearms and machinegun conversion devices recovered from 1311 Willow Avenue were his. Defendant further admits that certain narcotics recovered from 1311 Willow Avenue, namely the 293.5 orange tablets containing methamphetamine, were also his. Law enforcement submitted the above-described orange pills to the Niagara County Sheriff's Office Forensic Laboratory for analysis, which confirmed the presence of methamphetamine.

i.  Defendant admits that his relevant conduct encompasses between eight (8) and twenty-four (24) firearms, which could be readily proven by the government against the defendant.

## III.    SENTENCING GUIDELINES

6.  The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

**BASE OFFENSE LEVEL**

7.    The government and the defendant agree that Guidelines § 2K2.1(a)(4)(B) applies to the offense of conviction and provides for a base offense level of **20**.

**SPECIFIC OFFENSE CHARACTERISTICS**
**U.S.S.G. CHAPTER 2 ADJUSTMENTS**

8.    The government and the defendant agree that the following specific offense characteristics do apply:

a.  The four-level increase pursuant to Guidelines § 2K2.1(b)(1)(B) (offense involving between 8 and 24 firearms); and

b.  The four-level increase pursuant to Guidelines § 2K2.1(b)(4) (offense involving unserialized firearm).

**ADJUSTED OFFENSE LEVEL**

9.    Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is **28**.

**ACCEPTANCE OF RESPONSIBILITY**

10.    At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **25**.

## CRIMINAL HISTORY CATEGORY

11.    It is the understanding of the government and the defendant that the defendant's criminal history category is II. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS, AND IMPACT

12.    It is the understanding of the government and the defendant that with a total offense level of **25** and criminal history category of **II**, the defendant's sentencing range would be a term of imprisonment of **63–78 months**, a fine of **$20,000 to $250,000**, and a period of supervised release of **1 to 3 years**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

13.    The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

14.    The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

15.    In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.    STATUTE OF LIMITATIONS

16.    In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense, which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.    IMMIGRATION CONSEQUENCES

17.    The defendant represents that the defendant is a citizen of the United States.  However, if the defendant is a naturalized citizen of the United States, the defendant understands that pleading guilty may result in denaturalization and removal. If the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission

to the United States in the future. The defendant understands that any effect that the defendant's conviction in this action will have upon the defendant's immigration status, that is, possible removal, denaturalization, or other immigration consequence, is the subject of a separate proceeding. The defendant has had an opportunity to fully determine what the consequences of the defendant's conviction may be on the defendant's immigration status, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the guilty plea may entail.

18.    The defendant understands that the defendant is bound by the guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to the guilty plea and to the sentence based on those consequences, and agrees not to seek to withdraw the guilty plea or to file a direct appeal or any kind of collateral attack challenging the guilty plea, conviction, or sentence based on the immigration consequences of the guilty plea, conviction, or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

## VI.    GOVERNMENT RIGHTS AND OBLIGATIONS

19.    The defendant understands that the government has reserved the right to:

    a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

8

b.  respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.  advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and method of payment; and,

d.  modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

20.    At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's Case No. 24-mj-5148.

21.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.    APPEAL RIGHTS

22.    The defendant knowingly waives the right to appeal and collaterally attack the defendant's conviction in any proceeding, including, but not limited to, an application under Title 28, United States Code, Section 2255, and/or Section 2241. In addition to any other claims the defendant might raise, the defendant knowingly waives the right to challenge the conviction based on: (1) any non-jurisdictional defects in the proceedings prior to entry of this plea; (2) a claim that the statutes to which the defendant is pleading guilty are unconstitutional

(except in the event that, in the future, the Supreme Court finds the statute in question unconstitutional); and (3) a claim that the conduct admitted in the Factual Basis of this plea agreement does not fall within the scope of the statutes to which the defendant is pleading guilty.

23.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack, in any proceeding, including but not limited to, an application under Title 28, United States Code, Section 2255 and/or Section 2241, any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment of **63–78 months**, a fine of **$20,000 to $250,000**, and a period of supervised release of **1 to 3 years**, notwithstanding the manner in which the Court determines the sentence. The defendant further knowingly waives the right to appeal and/or collaterally attack any condition of supervised release imposed by the Court for which the defendant had notice, including from a recommendation by the Probation Office in the Presentence Investigation Report, and did not object. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

24.    The defendant understands that by agreeing not to collaterally attack the conviction or sentence in any proceeding, including, but not limited to, an application under Title 28, United States Code, Section 2255 and/or Section 2241, the defendant is waiving the

right to challenge the conviction or sentence in the event that, in the future, the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

25.    The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment of **63–78 months**, a fine of **$20,000 to $250,000**, and a period of supervised release of **1 to 3 years**, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

26.    By entering this plea of guilty, the defendant waives any and all right to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that the government has failed to produce any discovery material (other than material the government was required to produce under *Brady v. Maryland* and its progeny), that has not already been produced as of the date of the signing of this Agreement.

27.    Notwithstanding the foregoing, nothing in the Appeal Rights section of this plea agreement shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise.

## FORFEITURE PROVISIONS

28.     The defendant acknowledges that the defendant is the owner and/or exercised dominion and control of the firearms, ammunition, magazines, and firearm accessories described below and agrees to immediately criminally forfeit all of the defendant's right, title, and interest to any and all property which is subject to forfeiture pursuant to Title 18, United States Code, Sections 924(d) and 3665, and Title 28, United States Code, Section 2461(c), which is in the possession and control of the defendant or the defendant's nominees. That property includes the following property seized from the defendant by law enforcement at 1311 Willow Avenue, Niagara Falls, New York, on or about August 14, 2024:

## FIREARMS, AMMUNITION, MAGAZINES AND FIREARM ACCESSORIES:

a.  One (1) Glock 43 pistol, 9 CAL, S/N CCL5134, with attached magazine;

b.  Nine (9) rounds of 9 CAL ammunition;

c.  One (1) Glock 17 pistol, 9 CAL, S/N SGL117, with attached machinegun conversion device;

d.  One (1) Glock 26 pistol, 9 CAL, S/N ACKB758, with attached magazine;

e.  One (1) black PMF pistol, S/N A9VC693, with attached machinegun conversion device;

f.  One (1) Ruger 57, S/N 641-97530, with attached magazine;

g.  Sixteen (16) rounds of 5.7 CAL ammunition;

h.  One (1) Diamondback DB-15 AR pistol, .223 CAL, S/N 1803855;

i.  One (1) silver machinegun conversion device;

j.  One (1) Glock pistol, lower receiver, S/N KA205525;

k.  One (1) box w/ six (6) switches;

l.  One (1) Glock 26 pistol, 9 CAL, S/N BSRM706, with attached magazine;

m.  One (1) blue attached machinegun conversion device;

n.  Unknown quantity of 9 CAL Sig Saur Ammunition;

o.  Three (3) boxes of assorted ammunition;

p.  One (1) Glock 27 pistol, 40 CAL, S/N CBWA284;

q.  One (1) Heckler & Koch USP Pistol, Lower Receiver, S/N 27003471;

r.  One (1) Glock 19 pistol, Lower Receiver;

s.  One (1) Glock 19 pistol, Upper Receiver S/N GEM208; and

t.  Assorted rounds of ammunition.

29.    The defendant also agrees that the above-described property constitutes a nuisance as provided for in New York Penal Law § 400.05.

30.    The defendant also agrees that the asset(s) listed above are properly forfeitable to the government pursuant to Title 18, United States Code, Sections 924(d) and 3665, and Title 28, United States Code, Section 2461(c).

31.    The defendant agrees not to file a claim or petition seeking remission or contesting the forfeiture of the property listed above in any administrative or judicial (civil or criminal) proceeding.  The defendant further agrees not to assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of the property listed above in any administrative or judicial (civil or criminal) forfeiture proceeding.  Further, if any third party files a claim to the property listed above, the defendant will assist the government in defending such claim.

32.     After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the property listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  The defendant knowingly and voluntarily waives the defendant's right to any required notice concerning the forfeiture of any of the property forfeited hereunder, including notice set forth in an indictment, information or administrative notice. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

33.     The defendant knowingly, intelligently, and voluntarily waives the defendant's right to a jury trial on the forfeiture of the property.  The defendant knowingly, intelligently,

and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the property in any proceeding, including any defenses based on jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding, the Ex Post Facto clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

34.     The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property. The defendant further agrees to the destruction of the above referenced property.

35.     The defendant further agrees that the forfeiture of the aforementioned property as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, any income taxes or any other penalty that the Court may impose upon the defendant in addition to forfeiture and shall survive bankruptcy.

## ABANDONMENT

36.     The defendant agrees that the following property is forfeitable to the government and agrees to voluntarily abandon the following property seized during the criminal investigation associated with this matter and waives any and all rights or interest which the defendant may still possess in said property or for which the defendant may have

any claim. The defendant specifically agrees to voluntary abandonment of the following property seized on or about August 14, 2024 by law enforcement:

**Seized from 1311 Willow Avenue, Niagara Falls, New York:**

      a. One (1) Black Drum magazine;
      b. Eleven (11) assorted magazines;
      c. Five (5) Glock magazines;
      d. The sum of two-hundred and twenty-eight dollars ($228) United States Currency.

**Seized from 1802 Linwood Avenue, Niagara Falls, New York:**

      a. One (1) Springfield XP-9, 9mm, S/N 53902270, with attached magazine and ammunition;
      b. Three (three) rounds of 9mm ammunition;
      c. One (1) magazine; and
      d. The sum of four thousand five hundred and sixty-five dollars ($4,565) United States Currency.

**Seized from 1701 18ᵗʰ Street, Niagara Falls, New York:**

      a. Assorted rounds of ammunition
      b. Assorted firearms parts;
      c. Assorted firearms accessories;
      d. One (1) box of various ammunition;
      e. One hundred (100) rounds of .38 Special ammunition; and
      f. The sum of six hundred and eighty-nine dollars ($689) United States Currency.

37.    The defendant agrees to waive any time restrictions, requirement, or any other applicable federal law, with respect to the abandonment of this property. The defendant hereby knowingly and voluntarily waives any right, title, and interest in the property, and agrees not to contest the vesting of title in the government. The defendant further waives the provisions of 41 Code of Federal Regulations 128-48.102-1, and 41 C.F.R. 128-48.50 with respect to the abandonment of the aforementioned property and agrees to sign any and all

16

documentation in order to assist the government in facilitating the abandonment of the said property.

38.    The defendant further understands that the government and any law enforcement agency acting on behalf of the government, to wit: the Bureau of Alcohol, Tobacco, Firearms and Explosives, may in its discretion, destroy the aforementioned firearms, ammunition, magazines, firearm parts, and firearm accessories.

39.    The defendant agrees that the aforementioned property is subject to abandonment, and agrees to waive all statutory and constitutional rights, including but not limited to, time restrictions and notice provisions with respect to the abandonment of the aforementioned property.

40.    The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment, and disposition of the aforementioned property survives and shall be given full force and effect. The failure of the defendant to forfeit any property as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a material breach of this agreement.

41.    The defendant agrees that if, for any reason, in any pleadings before the Court, or any order of the Court, including but not limited to the Preliminary and/or Final Order of Forfeiture and the Judgment and Commitment, the government fails to properly identify an

item to be forfeited, fails to include any item that is forfeitable under the applicable forfeiture statute in this case, or includes a clerical or technical error, the defendant will consent and not oppose any effort by the government to amend, correct, or add to the description/list of items subject to forfeiture in this case. Additionally, to the extent necessary, and at the discretion of the United States Attorney's Office, the defendant further agrees in the alternative, to the abandonment or civil forfeiture of any items that were excluded from the original description of items to be forfeited.   Finally, if not specially identified or listed above, the defendant agrees to the abandonment of any and all cellular phones seized by law enforcement in this case.

## VIII.   TOTAL AGREEMENT AND AFFIRMATIONS

42.    This plea agreement represents the total agreement between the defendant, DAYZON MCCARTHY and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

MICHAEL DIGIACOMO
United States Attorney
Western District of New York

BY: _Donna Duncan for Jeffrey Intravatola_
JEFFREY E. INTRAVATOLA
Assistant United States Attorney

Dated: June ___5___, 2025

18

I have read this agreement, which consists of pages 1 through 19. I have had a full opportunity to discuss this agreement with my attorney, Thomas Eoannou, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

DAYZON MCCARTHY
Defendant

Dated: June _5_, 2025

THOMAS EOANNOU, ESQ.
Attorney for the Defendant

Dated: June _5_, 2025

19